**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**RICHARD LEON LONG,**                                                                          **PETITIONER**

**v.**                                          **CIVIL ACTION NO.:  2:11cv142-MPM-DAS**

**RONALD J. KING and**
**ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI,**                     **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Petitioner Richard Leon Long, Mississippi prisoner no. 125674, has filed a federal habeas

petition pursuant to 28 U.S.C. § 2254 challenging his State court conviction for sale of a

controlled substance within 1,000 feet of a public park.  Having considered the submissions of

the parties, the State court record, and the law applicable to Petitioner's claims, the Court finds

that the petition should be denied.

**Background Facts and Procedural History**

On October 28, 2009, in the Circuit Court of DeSoto County, Mississippi, Petitioner was

tried for the sale of a controlled substance, diazepam (trade name "Valium"), within 1,000 feet of

a public park.  At trial, Officer Jerry Rodgers, an agent with the Olive Branch Narcotics Division,

testified that he was working undercover in Olive Branch, Mississippi, where he was involved in

arranging monitored buys of controlled substances.  Rodgers testified that he met Petitioner on

January 18, 2008, and arranged to purchase pills of Valium from Petitioner.  After their initial

meeting, Rodgers conducted an investigation and learned that Petitioner lived approximately 100

feet from a fence that separated the Olive Branch City Park from the trailer park where Petitioner

lived.

Rodgers testified that Petitioner telephoned him a few days later and stated that he had the pills and was ready to sell them. Rodgers stated that his narcotics team wired him for audio and video, and that he then drove to the trailer park where Petitioner lived. Rodgers testified that once he arrived at the trailer park, he noticed Petitioner outside of his trailer flashing his vehicle's lights. Rodgers testified that he parked next to Petitioner's vehicle and, after a short conversation with Petitioner, purchased a small sack of pills in exchange for $100.00. Rodgers maintained that after the exchange was made and Rodgers was readying to leave, Petitioner indicated that he would be getting more pills and told Rodgers to call him. A video of the drug transaction was published to the jury.

The bag of pills purchased during the transaction were delivered to the Mississippi Crime Laboratory, and a drug analysis was conducted by forensic chemist, Erik Frazure. Frazure testified that the pills were diazepam, a schedule IV controlled substance.

At the close of the State's case-in-chief, the defense moved for a directed verdict, arguing that the State had failed to prove that Petitioner sold a controlled substance within 1,000 feet of a public park. The motion was denied. The defense rested without presenting any evidence. The jury found Petitioner guilty. The jury was excused before the sentencing phase of trial.

At sentencing, the prosecutor argued that Petitioner met the requirements for sentencing as an habitual offender pursuant to Mississippi Code Section 99-19-83 and presented evidence that Petitioner had been convicted of two prior felonies in Colorado: (1) sexual assault on a child, and (2) aggravated incest with his own child. The trial judge determined that the certified documents from Colorado confirmed that Petitioner met the requirements for sentencing

enhancement under Mississippi Code Section 99-19-83. Petitioner was sentenced as an habitual offender to serve life in the custody of the Mississippi Department of Corrections. The trial court then conducted a proportionality analysis and found the punishment mandated by the habitual offender statute was not disproportionate to the sentence imposed on Petitioner.

After Petitioner's motion for a judgment notwithstanding the verdict or for a new trial was denied, he appealed his conviction and sentence. On January 20, 2011, the Mississippi Supreme Court found no merit to Petitioner's claims and affirmed the judgment of the circuit court. *See Long v. State*, 52 So. 3d 1188 (Miss. 2011) (Cause No. 2009-KA-01861-SCT); (Answer, Ex. A). Aggrieved by the decision, Petitioner filed in the Mississippi Supreme Court a *pro se* application for leave to proceed in the trial court with a motion for post-conviction relief. On May 25, 2011, the Mississippi Supreme Court filed an order dismissing the application as procedurally barred, as the issues presented in the motion were considered on direct appeal. (Answer, Ex. B); (Miscellaneous Pleadings, Cause No. 2011-M-00556).

Petitioner, proceeding *pro se*, filed this petition for writ of habeas corpus on July 5, 2011, raising the following issues:

| | |
|---|---|
| Ground One. | Whether the verdict is supported by the weight of the evidence? |
| Ground Two. | Whether inflammatory closing argument by the state requires a new trial? |
| Ground Three. | Whether the State presented competent proof of the alleged sale within 1000 feet of a park. |
| Ground Four. | Whether the trial court should have developed more proof regarding Long's prior convictions at sentencing? |
| Ground Five | Whether Long's sentence is illegally or otherwise unconstitutionally disproportionate. |

Respondents concede that all of the grounds raised in this petition were properly presented to the Mississippi Supreme Court and are exhausted for purposes of federal habeas review. *See, e.g.*, *Edwards v. Carpenter*, 529 U.S. 446 (2000); *see also* 28 U.S.C. § 2254(b)-(c).

## Legal Standard

The Court's review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA prohibits the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state court's decision is "contrary to" Supreme Court law if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause is reserved for decisions that either fail to identify the correct governing law, or that identify the correct governing law but misapply it to the case. *Id*. at 407-08. Under this standard, a state court's decision will not warrant federal habeas relief unless its application of federal law is both "incorrect *and* unreasonable[.]" *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004) (emphasis in original) (citation omitted). A federal habeas court considers only the state court's conclusion when determining whether there has been an unreasonable application of federal law, and not the

4

court's reasoning in reaching the decision. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

## Discussion

### Ground I. Weight of the Evidence

In his first ground for relief, Petitioner argues that his guilty verdict is not supported by the weight of the evidence. On direct appeal, the Mississippi Court found this issue without merit. *See Long*, 52 So. 3d at 1193. The court, considering the evidence in the light most favorable to the prosecution "and resolving all reasonable inferences" in its favor, found that it was possible for the jury to conclude that Petitioner was guilty based upon the evidence presented at trial. *See id.* at 1192-93. It determined that "[t]he surveillance video makes clear the fact that Long sold Valium to Rodgers on January 22, 2009, at the location alleged in the indictment." *Id.* at 1192. The court noted:

> Long argued that the surveillance video was unreliable because it did not show any drugs or money being exchanged and the alleged seller was shown only for a brief moment. Although the man selling the Valium was shown on the video for only a brief moment, Rodgers testified that the man on the video was Long. Furthermore, while no money or drugs are seen on the video, Rodgers testified that he counted out $100 and exchanged the money for the pills. FN2. The pills were then delivered to the Mississippi Crime Laboratory, where Erik Frazure determined that the pills were, in fact, Valium, a controlled substance.
>
> > FN2. While the video does not show money being exchanged for the pills, the audio portion of the video reveals the sound of money being counted and pills rattling.
>
> Although the surveillance video fails to show any money or drugs being exchanged, Rodgers testified that Long sold Valium to him for $100. Therefore, this Court finds that the verdict is not against the overwhelming weight of the evidence. Accordingly, we affirm the trial court's denial of Long's motion for judgment notwithstanding the verdict and for a new trial.

*Id.* at 1193.

The Mississippi Supreme Court considered the evidence and determined that it was possible and reasonable for the jury to find Petitioner guilty based upon the evidence presented at trial. Unlike a claim challenging the sufficiency of the evidence, a claim challenging the weight of the evidence requires an assessment of the credibility of the evidence presented at trial. *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982). The jury, not a reviewing court, bears "the responsibility. . . fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* at 45 n.21 (citation omitted). Therefore, the weight of the evidence is not an issue assessed on federal habeas review. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) ("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence[.]"). Accordingly, Petitioner is not entitled to habeas relief based on his challenge to the weight of the evidence.[1]

### Ground II. State's Closing Argument

In his second ground for relief, Petitioner alleges that the prosecutor gave an inflammatory closing argument, and that the prosecutor's violation of the prohibition against the "send a message" argument requires a new trial.

During his closing argument, the prosecutor stated:

It's important to control [the sale of drugs], and you do so by stopping those that get caught selling drugs illegally, which is exactly what this man did. The defendant sold drugs illegally and - he's guilty and it's time for him to be held accountable. He's selling drugs near a park as you pass through on your way to I don't know where. . . . I'm just glad we caught him when we did.

_____

[1] A claim to the sufficiency of the evidence is cognizable on federal habeas review, and Petitioner's challenge to the sufficiency of the evidence presented at trial is discussed in Ground III, *infra*.

6

(SCR vol. 3, 184).  Defense counsel did not object to the comments.  (*Id.*).

On direct appeal, the Mississippi Supreme Court held:

In this case, the State's remarks were simply reiterating the jury's duty set forth in the jury instructions.  The members of the jury were charged with the duty to make a finding of guilt based on the testimony and evidence presented at trial.  By stating that the illegal sale of drugs must be controlled, "which is exactly what [Long] did," the State was suggesting that the jury find Long guilty if they believed that the evidence and testimony had proved that Long sold drugs illegally.  Therefore, the State's closing remarks, taken in context, were not "so 'inflammatory' that the trial judge should have objected on his own motion." *Spicer*, 921 So. 2d at 317 (quoting *Payton*, 785 So. 2d at 270).  Accordingly, we find Long's assignment of error to be without merit.

*Long*, 52 So. 3d at 1194.

Respondents argue that the prosecutor's remarks were not improper but were related to jury instructions informing the jury that it was their responsibility to be "the judge of the facts" presented to them.  They otherwise argue that the remarks did not affect any substantial right of Petitioner.

In a federal habeas proceeding, an allegation of prosecutorial misconduct during a state criminal trial is reviewed to determine whether the alleged misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process.  *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  Unless the trial was rendered fundamentally unfair within the meaning of the Due Process Clause, a state prosecutor's improper conduct does not raise a constitutional issue.  *See Dowhitt v. Johnson*, 230 F.3d 733, 755 (5th Cir. 2000) (citation omitted).  "A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted."  *Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992).

The Fifth Circuit has held that review of prosecutorial misconduct first requires an initial determination of whether the prosecutor made an improper remark, and then, if an improper remark was made, the court must "evaluate whether the remark affected the substantial rights of the defendant." *United States v. Gallardo-Trapero*, 185 F.3d 307, 320 (5th Cir. 1999). Expounding on this standard, the Fifth Circuit has also held:

> To determine whether this argument affected the defendant's substantial rights, we examine (1) the magnitude of the statement's prejudice, (2) the effect of any cautionary instructions given, and (3) the strength of the evidence of the defendant's guilt. As we will not set a conviction aside if the prosecutor's conduct did not contribute to the guilty verdict, this analysis is equivalent to review for harmless error.

*United States v. Simpson*, 901 F.2d 1223, 1227 (5th Cir. 1990) (internal citations omitted).

The prosecutor did not urge the jury to abandon the law, but rather, to find Petitioner guilty if they found that the evidence proved he had committed the offense for which he was indicted. These statements were not inflammatory. However, even if the Court were to assume that the prosecutor's statements were improper, any error is harmless, because the jury was presented with overwhelming evidence of Petitioner's guilt. Therefore, the Court finds that the rejection of this claim by the Mississippi Supreme Court does not warrant federal habeas relief.

### Ground III. Sufficiency of the Evidence

Petitioner maintains that the State failed to present competent proof that the sale of drugs took place within 1,000 feet of a park. Specifically, he maintains that there was no proof that the park in question is a "public park," and that there were no actual measurements of the distance from the place of the sale to the park.

Under Mississippi Code Section 41-29-142, Petitioner faced an enhanced penalty – a

sentence double the statutory maximum – upon a conviction of a drug sale within 1,000 feet of property comprising a public park. *See* Miss. Code Ann. § 41-29-142. On direct appeal, the Mississippi Supreme Court stated:

> While this issue pertains only to whether or not the sentence enhancement under Mississippi Code Section 41-29-142 applies, it should be noted that this issue is considered an essential element that must be submitted to the jury and proven beyond a reasonable doubt. *See* Miss. Code Ann. § 41-29-142 (Rev.2009); *Brown v. State*, 995 So. 2d 698 (Miss. 2008) (discussing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)).

*Long*, 52 So. 3d at 1194.

On direct appeal, the Mississippi Supreme Court noted that (1) Rodgers testified that the trailer park where Petitioner sold Rodgers the Valium borders the city park, which is located about 100 feet behind Petitioner's house; (2) Rodgers testified that the park is used for various recreational activities typical to a city park, such as softball, fishing, and walking; (3) Rodgers explained while the surveillance video was published to the jury that the bright lights seen in the video were lights from the city park's softball fields, and that "the line seen running perpendicular to the softball field lights was the fence that separates the trailer park and the city park ninety-six feet away from the sale location." *Long,* So. 3d at 1195.

The Mississippi Supreme Court found that the evidence was sufficient to demonstrate that Rodgers had personal knowledge that the park was a "public park," and that Petitioner sold him a controlled substance within 1,000 feet of a public park. *Id.* The court specifically determined "that any rational juror could have found beyond a reasonable doubt that all of the elements had been met by the State in proving the sale of a controlled substance within 1,000 feet of a public park." *Id.*

A court reviewing a claim of insufficient evidence asks whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found all of the essential elements of the crime proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On habeas review, this Court asks whether the sufficiency determination made by the Mississippi Supreme Court is "objectively unreasonable." *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (holding that *Jackson* claims "are subject to two layers of judicial deference," and that habeas relief may be granted only upon a finding that the rejection of the claim was "objectively unreasonable").

Agent Jerry Rodgers testified that he purchased Valium from Petitioner as part of a monitored, undercover narcotics purchase. (*See* SCR vol. 3, 129-138). He testified that he purchased the pills at Petitioner's trailer in Caroma trailer park, and that the trailer was approximately one hundred feet from an adjoining city park. (*Id.* at135). Rodgers testified that Petitioner was not a pharmacist and had no license to sell Valium. (*Id.*). Rodgers had a recording device concealed on his person that was operating during the purchase. He testified that the images and sounds on the recording were accurate in showing what occurred during the sale. (*Id.* at 144). The jury viewed the video made of the Valium purchase that showed the place of the sale, the trailers, and the park which could be seen just beyond "the chain link fence" separating the trailer park from the municipal park. (*Id.* at 145-46; 188). Rodgers testified that the chain link fence was ninety-six feet from the location where he purchased drugs from Petitioner. (*See id.* at 141).

Petitioner was given a life sentence after the trial court found him qualified for enhanced sentencing as an habitual offender, and the trial court found that Petitioner's sentence was not

disproportionate to the felony he had committed.  (SCR vol. 3, 206-07).  At the close of the hearing on Petitioner's motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, the trial court found sufficient testimony and evidence to support the conviction, including the distance from the sale to nearby city park.  (*Id.* at 217).

Based on the record, the Court finds that the evidence presented is sufficient under *Jackson* to satisfy a rational juror that the essential elements of the crime were proved beyond a reasonable doubt.  *Jackson*, 443 U.S. at 319.  The decision rejecting this claim is not objectively unreasonable.  Additionally, Petitioner has not presented evidence to overcome the deference afforded to the fact-finding by the appellate court, *see* 28 U.S.C. § 2254(e)(1), and he has failed to show that the decision rejecting this claim was based on an unreasonable determination of facts in light of the evidence presented.  Accordingly, federal habeas relief is denied as to this claim.

## Ground IV.  Sentencing as an Habitual Offender

In his fourth ground for relief, Petitioner argues that the trial court should have investigated the nature of his prior convictions before sentencing him as an habitual offender.

On direct appeal, the Mississippi Supreme Court held "that the trial court did not err in sentencing [Petitioner] as an habitual offender under Mississippi Code Section 99-19-83."  *Long*, 52 So. 3d at 1196-97.

Mississippi Code Section 99-19-83 provides:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1)

of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-83.

At the sentencing hearing, the trial court accepted into evidence certified copies of Petitioner's prior felony convictions from Colorado, and a computation of his imprisonment and release dates from the Colorado Department of Corrections. (SCR vol. 3, 196-211; *see also* SCR vol. 2, 32-33). According to the records as recited by the court, Petitioner was convicted on May 24, 1996, in Cause No. 1995-CR-1141 in Jefferson County, Colorado, of two counts of sexual assault on a child and was sentenced on both counts on November 24, 1997, to serve a term of six years in prison. (SCR vol. 3, 196-97). On February 25, 1998, Petitioner pleaded guilty in Adams County, Colorado, in Cause No. 1996-CR-1335, to aggravated incest of his own child and was sentenced on June 18, 1998, to serve twelve years in prison. (*Id.* at 197). The prosecution noted that Petitioner was incarcerated in the Colorado Department of Corrections until he was paroled on January 9, 2007. (*Id.*). There was no objection as to the documentation provided, or to the admission of the records. (*See id.* at 198).

The trial court heard from Petitioner about the circumstances allegedly surrounding his conviction for aggravated incest. (*See id.* at 202-204). The trial judge then determined that the certified documents clearly confirmed that Petitioner was "convicted on two separate occasions arising out of two separate incidents for felony crimes," and that on each crime, he was sentenced to and served in excess of one year in the state penitentiary. (*Id.* at 205-06). The court further determined that at least one of the crimes was a crime of violence, and the court found Petitioner qualified for enhanced sentencing as an habitual offender pursuant to Mississippi Code § 99-19-

83.[2]  (*Id.* at 206-10).

The Court notes that under Colorado law, aggravated incest is a crime of violence.  *See United States v. Vigil*, 334 F.3d 1215, 1219-20 (10th Cir. 2003).  Therefore, and in light of the evidence recited above, the evidence is sufficient to establish that Petitioner qualified for enhanced sentencing as an habitual offender under Mississippi Code § 99-19-83.  Moreover, the evidence is sufficient under *Jackson* to satisfy a rational juror that the essential elements of the crime were proved beyond a reasonable doubt.  *Jackson*, 443 U.S. at 319.  The rejection of this claim by the Mississippi Supreme Court does not warrant federal habeas relief.

### Ground V.  Illegal/Disproportionate Sentence

In his final claim for relief, Petitioner argues that his sentence is illegal or unconstitutionally disproportionate.  On direct appeal, the Mississippi Supreme Court noted that "[a]fter conducting the proportionality analysis, the trial court found that [Petitioner]'s life sentence was not unconstitutionally disproportionate."  *Long*, 52 So. 3d at 1197.  The court found that Petitioner's "sentence complies with Mississippi Code Section 99-19-83, is not unconstitutionally disproportionate and does not constitute cruel and unusual punishment under the Eighth Amendment.  Therefore, we affirm the conviction by the Circuit Court of DeSoto County, as well as the sentence it imposed."  *Long*, 52 So. 3d at 1197.

Under Mississippi law, "[a]s a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal."  *White v. State*, 742 So. 2d 1126, 1135 (Miss. 1999); *McKenzie v. State*, 856 So. 2d 344, 353 (Miss. 2003); *Wallace v. State*, 607 So. 2d

---

[2] In its proportionality analysis, the court also noted that Petitioner was arrested on February 20, 2009, and was subsequently indicted in DeSoto County, Mississippi, for aggravated assault.  (SCR vol. 2, 20, 21-27; SCR vol. 3, 208-09).

1184, 1188 (Miss. 1992); *see also Brooks v. Kelly*, 579 F.3d 521, 524 (5th Cir. 2009) (noting that Mississippi courts do not typically disturb a trial judge's sentencing decision as long as the sentence was within statutory limits). Generally, habeas relief is warranted only if a petitioner is able to demonstrate that the sentence imposed "exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987). In this case, Petitioner was sentenced as required by statute. *See* Miss. Code Ann. § 99-19-83 (requiring a life sentence to be imposed if a defendant is found to be an habitual offender under the statute).

The Supreme Court has found that there is no "clear or consistent path for courts to follow" in determining whether a sentence violates the Eighth Amendment. *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). The *Lockyer* Court found it "clearly established" that "[a] gross disproportionality principle is applicable to sentences for terms of years," but that it is also clear that the principle is applicable only in "'exceedingly rare' and 'extreme cases.'" *Id*. at 72-73 (citations omitted).

After Petitioner's conviction, the trial court heard testimony and reviewed documents showing Petitioner's prior felony convictions. The trial court found Petitioner qualified for enhanced punishment as an habitual offender and found without any objection that Petitioner's life sentence was "not disproportionate" to his crimes. (SCR vol. 3, 209-10).

Petitioner's sentence was required by statute. Petitioner has not demonstrated that there was any gross disproportionality in his sentencing as an habitual offender for the sale of a controlled substance. The Mississippi Supreme Court's rejection of this claim does not warrant federal habeas relief.

**Certificate of Appealability**

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA on any claim rejected on its merits, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Applying these standards, the Court concludes that a COA should be denied in this case.

**Conclusion**

The Mississippi Supreme Court's rejection of Petitioner's claims did not result in a decision contrary to, or involving an unreasonable application of, clearly established federal law, nor did it result in a decision based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, Petitioner's petition for a writ of habeas corpus is **DENIED**, and that this action is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED** for the reasons stated herein. Any pending motions are **DISMISSED AS MOOT**. A final judgment in accordance with this opinion and order will issue today.

**SO ORDERED, THIS** the 27th day of June, 2014.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**